UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#12(8/20)

**CIVIL MINUTES - GENERAL**

JS-6

| Case No. | CV 21-3800 PSG (RAOx) | Date | August 17, 2021 |
|---|---|---|---|
| Title | Mario Piril v. Ferguson Enterprises, LLC et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** The Court GRANTS Plaintiff's motion to remand.

Before the Court is a motion to remand filed by Plaintiff Mario Piril ("Plaintiff"). *See generally* Dkt. # 12. Defendants Ferguson Enterprises, LLC ("Ferguson") and Ted Nelson ("Nelson") (collectively, "Defendants") opposed, *see generally* Dkt. # 16, and Plaintiff replied, *see generally* Dkt. # 17. Defendants then objected to Plaintiff's Reply and requested to file a sur-reply. *See generally* Dkt. # 18. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving, opposing, and reply papers, as well as Defendants' objection, the Court **GRANTS** the motion to remand.

I.   Background

Plaintiff worked for Ferguson as a warehouse supervisor. *See Complaint*, Dkt. # 1-1, ("*Compl.*"), ¶ 11. Nelson was Plaintiff's superior during all times relevant to this case. *See id.* ¶ 13. In February 2018, Plaintiff took medical leave after experiencing complications from a workplace injury to his left shoulder. *Id.* ¶¶ 14–15. After undergoing shoulder replacement surgery, Plaintiff's physician instructed Plaintiff to remain on medical leave until at least June 2018. *Id.* ¶ 16. In June 2018, Plaintiff called Nelson to discuss his eventual return to work, but Nelson told Plaintiff that he could not come back until he was "100%." *Id.* After another physical evaluation in November 2019, Plaintiff was assigned permanent work restrictions that prohibited him from lifting more than ten pounds or positioning his arm overhead. *See id.* ¶¶ 17–18.

Plaintiff e-mailed Nelson in February 2020 to "notify him of [Plaintiff's] permanent restrictions" and to inquire about a start date. *Id.* ¶ 19. In March 2020, after conferring with "HQ," Nelson explained to Plaintiff that "there were no positions available that met Plaintiff's restrictions," and that Plaintiff was being terminated even though Nelson allegedly did not first

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-3800 PSG (RAOx) | Date | August 17, 2021 |
|---|---|---|---|
| Title | Mario Piril v. Ferguson Enterprises, LLC et al. | | |

discuss Plaintiff's restrictions with Ferguson to see if it could make an accommodation. *See id.* ¶¶ 19–20. On March 26, 2020, Plaintiff received a letter from Ferguson confirming his termination and stating that there were no positions available that met his permanent work restrictions. *Id.* ¶ 21.

At Nelson's instruction, Plaintiff went back to the worksite to return company property and to pick up his post-separation pay. *Id.* ¶ 22. When he arrived, a Ferguson agent asked Plaintiff to sign a form before receiving payment. *Id.* ¶ 23. Plaintiff called Nelson, who explained that the form was a "legal document," but that Plaintiff could not take it home to read first. *Id.* Plaintiff refused to sign the form, but later received his post-separation pay anyway. *Id.* ¶¶ 23–24. Based on Plaintiff's termination and his various exchanges with Nelson in February and March 2020, Plaintiff alleges that he suffered severe emotional distress. *Id.* ¶¶ 77–79.

On March 5, 2021, after exhausting his administrative remedies, *id.* ¶ 10, Plaintiff filed the instant case in a California state court against both Defendants, s*ee generally Compl.* Plaintiff brought several state law claims against Ferguson for disability discrimination and wrongful termination and one claim against both Ferguson and Nelson for intentional infliction of emotional distress ("IIED"). *See id.* Defendants timely removed to this Court, invoking its diversity jurisdiction and alleging that Nelson was fraudulently joined. *See Notice of Removal*, Dkt. # 1 ("*NOR*"). On July 9, 2021, Plaintiff filed the motion to remand now before the Court. *See Motion to Remand*, Dkt. # 12 ("*Mot.*").

II.   Legal Standard

Federal courts are courts of limited subject matter jurisdiction. *See Gunn v. Minton*, 568 U.S. 251, 256 (2013). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). The case shall be remanded to state court if, at any time before final judgment, it appears a removing court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). A federal court has subject matter jurisdiction based on diversity if (1) all plaintiffs and all defendants are citizens of different states, and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-3800 PSG (RAOx) | Date | August 17, 2021 |
|---|---|---|---|
| Title | Mario Piril v. Ferguson Enterprises, LLC et al. | | |

Notwithstanding the joinder of a non-diverse defendant that would otherwise destroy diversity jurisdiction, defendants may still successfully remove if they can prove the non-diverse defendant was fraudulently joined. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (explaining that a "sham" defendant may be disregarded for purposes of diversity jurisdiction). There is a general presumption against fraudulent joinder which is overcome only by clear and convincing evidence. *See Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Joinder is fraudulent if the plaintiff "fails to state a cause of action against a [non-diverse] defendant, and the failure is obvious according to the settled rules of the state." *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003). However, if there is a "any possibility" that a plaintiff can assert a cause of action against the alleged "sham" defendant, the court "must find that the joinder was proper and remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009).

Relatedly, courts strictly construe the removal statute against removal jurisdiction. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "A defendant seeking removal has the burden to establish that removal is proper, and any doubt is resolved against removability." *Luther*, 533 F.3d at 1034; *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand.").

III.  Discussion

Defendants invoke this Court's diversity jurisdiction. *See NOR*. The parties agree that the amount in controversy requirement is met, but they dispute whether the parties are completely diverse. *See Mot.* 7 & n.1; *Opposition to Plaintiff's Motion for Remand*, Dkt. # 16 ("*Opp.*"), 6:21–24. Plaintiff and Nelson are citizens of California, while Ferguson is a citizen of Virginia. *See Compl.* ¶¶ 2–4. Accordingly, including Nelson in the lawsuit destroys complete diversity. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806).

However, Defendants claim that Nelson was fraudulently joined and should therefore be disregarded for purposes of diversity jurisdiction. *See NOR*; *Opp.* 4:4–7. Plaintiff counters that Nelson was not fraudulently joined because Plaintiff's IIED claim against Nelson: (A) is not barred by the exclusive remedy provision of California's Workers' Compensation Act ("WCA"), and (B) is or could be adequately pleaded. *See generally Mot.* The Court addresses each argument in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-3800 PSG (RAOx) | Date | August 17, 2021 |
|---|---|---|---|
| Title | Mario Piril v. Ferguson Enterprises, LLC et al. | | |

    A.    <u>Whether Plaintiff's IIED Claim Is Barred by the WCA's Exclusive Remedy Provision</u>

Plaintiff argues that the WCA's exclusive remedy provision does not bar his IIED claim. *See* Mot. 14:20–21. The Court agrees.

The WCA provides that workers' compensation is the employee's "sole and exclusive remedy" against his or her employer for injuries occurring on the job. *See* Cal. Lab. Code §§ 3600, 3602; *Gunnell v. Metrocolor Lab'ys, Inc.*, 92 Cal. App. 4th 710, 719 (2001). California courts have explained that the WCA's exclusive remedy provision is a "compensation bargain," whereby an employer "assumes liability for industrial personal injury or death without regard to fault," *Shoemaker v. Myers*, 52 Cal. 3d 1, 16 (1990), and, in exchange, the employee "gives up the wider range of civil tort damages potentially available," *Gunnell*, 92 Cal. App. 4th at 720. However, an employer may be subject to civil suit notwithstanding the exclusive remedy provisions if his or her conduct exceeds the scope of the "compensation bargain." *See Livitsanos v. Superior Ct.*, 2 Cal. 4th 744, 754 (1992). Simply put, the WCA's exclusive remedy provision bars civil claims other than for workers' compensation if: (i) the employee's injury resulted while he or she was subject to the "compensation bargain" and (ii) the employer's conduct did not exceed the scope of that bargain. *See Miklosy v. Regents of Univ. of Cal.*, 44 Cal. 4th 876, 902 (2008).

        *i.*    *Whether Plaintiff's Injury Was Subject to the Compensation Bargain*

An employee's injury is subject to the "compensation bargain" if it occurred while the employee was engaged in conduct "arising out of" or "incidental to" his or her employment and was "within the scope of employment." *See* Cal. Lab. Code § 3600. California courts have explained that "arising out of" describes the cause of the injury while "scope of employment" focuses on the time and place of the injury. *See Wright v. California*, 233 Cal. App. 4th 1218, 1229 (2015). Courts liberally construe the "scope of employment" in workers' compensation cases to further a broad policy favoring employee benefits. *See Newland v. Cnty of L.A.*, 24 Cal. App. 5th 676, 689 (2018). As a result, California courts have swept within the scope of employment both an employee's termination and post termination return to the jobsite to collect pay. *See Mitchell v. Hizer*, 73 Cal. App. 3d 499, 506–07 (1977).

Here, Plaintiff's alleged injuries for IIED were within the "compensation bargain" because they arose out of and were within the scope of his employment. Plaintiff's injuries "arose out of" his employment because all his interactions with Defendants were caused by, or

Case 2:21-cv-03800-PSG-RAO   Document 19   Filed 08/17/21   Page 5 of 10   Page ID #:212

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-3800 PSG (RAOx) | Date | August 17, 2021 |
|---|---|---|---|
| Title | Mario Piril v. Ferguson Enterprises, LLC et al. | | |

incidental to, the employment relationship. *See Compl.* ¶¶ 19–20 (seeking return from medical leave and disability accommodation); *id.* ¶ 21 (receiving termination letter); *id.* ¶ 23 (returning to worksite to collect pay and being coerced into signing a form first). Plaintiff's alleged injuries also occurred within the scope of his employment because California courts have held that events leading up to termination and even post-termination returns to the jobsite to collect pay are within the scope of employment. *See Mitchell*, 73 Cal. App. 3d at 506–07. All Plaintiff's IIED allegations fall squarely within that spectrum. *See Compl.* ¶¶ 19–23.

Accordingly, Plaintiff was subject to the "compensation bargain" of the WCA at all times relevant to his IIED claim. As a result, his claim is barred unless Nelson's conduct exceeded the scope of the compensation bargain.

> ii.   *Whether Nelson's Conduct Exceeded the Compensation Bargain*

Even if an employee is subject to the compensation bargain at the time of injury, the WCA will not bar a civil claim if the employer's conduct exceeded the scope of the compensation bargain. *See Livitsanos*, 2 Cal. 4th at 754. An employer's conduct falls outside the scope of the compensation bargain if it "exceeds the risks inherent in the employment relationship." *Id.* Whether emotional distress stemming from workplace disability discrimination exceeds the risks inherent in the employment relationship is somewhat unsettled under California law. *See, e.g.*, *Ferrer v. Host Int'l, Inc.*, No. CV16-6798 JAK (ASx), 2017 WL 902848, at *4–6 (C.D. Cal. Mar. 7, 2017) (surveying opposing views on the interaction between IIED claims premised on disability discrimination and WCA's exclusive remedy provision); *Light v. Ca. Dep't of Parks & Recreation*, 14 Cal. App. 5th 75, 100–01 (2017) (expressly departing from another California court of appeals on this issue).

The California Supreme Court has held that emotional distress claims relating to promotions, demotions, and staffing decisions are "a normal part of the employment relationship" and, thus, such claims are barred by the exclusive remedy provisions even when couched as "manifestly unfair, outrageous, harassment, or intended to cause emotional disturbance." *Cole v. Fair Oaks Fire Prot. Dist.*, 43 Cal. 3d 148, 160 (1987). However, several California courts of appeal and California district courts have found that the WCA's exclusivity provision does not shield employers from emotional distress claims premised on *discriminatory* employment practices. *See, e.g.*, *Light*, 14 Cal. App. 5th at 101 ("[W]e are unwilling to abandon the longstanding view that unlawful discrimination and retaliation in violation of FEHA falls outside the compensation bargain and therefore claims of intentional infliction of emotional distress based on such discrimination and retaliation are not subject to workers' compensation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-3800 PSG (RAOx) | Date | August 17, 2021 |
|---|---|---|---|
| Title | Mario Piril v. Ferguson Enterprises, LLC et al. | | |

exclusivity."); *Gibson v. Am. Airlines*, No. C 96-1444 FMS, 1996 WL 329632, at *5 (N.D. Cal. June 6, 1996) ("Discriminatory conduct exceeds the bounds of a normal employment relationship.").

Defendants point the Court to its own decision in *De Peralta v. Fox Restaurant Concepts, LLC*, CV 17-770 PSG (PLAx), 2018 WL 748287, at *3 (C.D. Cal. Feb. 6, 2018) (Gutierrez, J.) to suggest that there must be "something *more* than mere personnel decisions" to take an IIED claim premised on discrimination outside of the WCA's exclusive remedy provisions. *Opp.* 13:2–8. But *De Peralta* undercuts Defendants' argument. There, an employee went on medical leave due to an injury he sustained at work. *De Peralta*, 2018 WL 748287, at *3. While on leave, the employee spoke on the phone with his supervisor, who rejected the employee's request to perform "light duty work" despite granting a similar request to someone else. *Id.* The supervisor then explained that the employee was being terminated because the company did not want an injured person working there. *Id.* This Court found that, "[a]lthough scant," these allegations were "sufficient to remove the IIED claim from the WCA's preemptive effect because they impl[ied] disability discrimination." *Id.* at *4.

Here, Plaintiff alleges facts—although similarly "scant"—that take his claim outside of the WCA's exclusive remedy provision. Plaintiff alleges that he was terminated "on account of his disability, as well as his requests for a reasonable accommodation, and for requesting/and or taking [medical] leave." *Compl.* ¶ 25. Similar to the employee in *De Peralta*, Plaintiff (1) went on medical leave in February 2018, (2) was terminated due to his injury, and (3) was denied a reasonable accommodation even though Nelson allegedly did not check first with Ferguson whether Plaintiff's restrictions could be accommodated. *See id.* ¶¶ 19-21. These allegations "imply disability discrimination," *De Peralta*, 2018 WL 748287, at *4, and thus "exceed the normal risks of employment" contemplated by the "compensation bargain," *see Livitsanos*, 2 Cal. 4th at 754.

Accordingly, Plaintiff's IIED claim is not clearly barred by the WCA's exclusive remedy provision.

       *iii.*    *Conclusion*

California law is unsettled in this area, so it bears repeating that, to sustain a finding of fraudulent joinder, the failure must be "*obvious* according to the *settled* rules of the state." *Mercado*, 340 F.3d at 826 (emphasis added). That is not the case here. Accordingly, Nelson

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-3800 PSG (RAOx) | Date | August 17, 2021 |
|---|---|---|---|
| Title | Mario Piril v. Ferguson Enterprises, LLC et al. | | |

was not fraudulently joined because the WCA's exclusive remedy provision does not obviously bar Plaintiff's IIED claim based on settled California law.[1]

    B.    <u>Whether Plaintiff Validly Pleaded or Could Validly Plead an IIED Claim</u>

Even if not barred under the WCA, there must be a "non-fanciful" possibility that an IIED claim could proceed against Nelson. *See Macey v. Allstate Prop. & Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002). Defendants claim that Plaintiff's claim is "fanciful" because Plaintiff's IIED claim against Nelson (i) is partially time barred, *see Opp.* 7:1–4, and (ii) is not and cannot be adequately pleaded, *id.* 14:24–25. The Court addresses each argument in turn.

        *i.*    *Whether Plaintiff's Claim is Partially Time Barred*

Defendants argue that Plaintiff's IIED claim is partially time barred. *See Opp.* 7:1–4. Plaintiff failed to respond, *see generally Reply*, so the Court deems this issue conceded, *see Tapia v. Wells Fargo Bank, N.A.*, No. CV 15-03922 DDP (AJWx), 2015 WL 4650066, at *2 (C.D. Cal. Aug. 4, 2015) (arguments to which no response is supplied are deemed conceded); *Silva v. U.S. Bancorp*, No. CV 10-1854 JHN (PJWx), 2011 WL 7096576, at *3 (C.D. Cal. Oct. 6, 2011) (same). However, IIED claims are clearly subject to a two-year statute of limitations under California law. *See* Cal. Code Civ. P. § 335.1; *Pugliese v. Superior Ct.*, 146 Cal. App. 4th 1444, 1450 (2007). Statements made two years before an IIED claim is filed are thus not actionable. *See Kaldis v. Wells Fargo Bank, N.A.*, 263 F. Supp. 3d 856, 867 (C.D. Cal. 2017). Accordingly, some of Plaintiff's allegations are time barred, and the Court therefore considers only Nelson's actions after March 5, 2019, two years before the complaint was filed.

        *ii.*    *Whether Plaintiff Pleaded or Could Plead a Valid IIED Claim*

Defendants claim that Plaintiff cannot, even by amendment, plead a plausible IIED claim against Nelson. *See Opp.* 14:24–23:21 & n.4. The Court disagrees.

---

[1] Although not raised by the parties, the Court notes that affirmative defenses premised on the merits of the case "should generally not provide the basis for a finding of fraudulent joinder." *Charles v. ADT Sec. Svcs.*, CV 09-5025 PSG (AJWx), 2009 WL 5184454, at *4 (C.D. Cal. Dec. 21, 2009); *see also Ritchey*, 139 F.3d at 1319 (explaining that case law tends "to suggest that an exogenous defense could not turn a true defendant into a sham defendant").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-3800 PSG (RAOx) | Date | August 17, 2021 |
|---|---|---|---|
| Title | Mario Piril v. Ferguson Enterprises, LLC et al. | | |

 A claim for IIED requires that: "(1) the defendant engaged in extreme and outrageous conduct with the intention of causing, or reckless disregard of the probability of causing, severe emotional distress to the plaintiff; (2) the plaintiff actually suffered severe or extreme emotional distress; and (3) the outrageous conduct was the actual and proximate cause of the emotional distress." *Ross v. Creel Printing & Publ'g Co.*, 100 Cal. App. 4th 736, 744–45 (2002). The first prong "requires a showing of conduct 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 852 (9th Cir. 2004) (quoting *Cochran v. Cochran*, 65 Cal. App. 4th 488, 496 (1998)). A defendant's abuse of a position of power to injure the plaintiff's interests can rise to the level of extreme and outrageous conduct. *See Cross v. Bonded Adjustment Bureau*, 48 Cal. App. 4th 266, 283 (1996).

 Here, Plaintiff alleges that Nelson's conduct was extreme and outrageous when he (1) refused Plaintiff's request to return to work in March 2020; (2) denied Plaintiff a reasonable accommodation without first conferring with Ferguson; and (3) temporarily withheld Plaintiff's post-separation wages unless he signed a "legal document" without giving Plaintiff time to review it. *See Compl.* ¶¶ 20, 23, 76. Plaintiff's allegations as stated do not clearly rise to the level of "extreme and outrageous" conduct, but they do tend to suggest that Nelson may have abused a position of power to affect Plaintiff's interests. *See Cross*, 48 Cal. App. 4th at 283. Although Defendants thoroughly briefed IIED case law suggesting that Plaintiff's allegations are factually insufficient, *see Opp.* 14:24–23:11, Defendants have not demonstrated that there is not "any possibility" that an IIED claim could lie against Nelson, *Hunter*, 582 F.3d at 1046. Demonstrating factual insufficiency alone does not clearly and convincingly establish fraudulent joinder. *See Rico*, 2014 WL 1512190, at *2 ("Merely showing that an action is likely to be dismissed against the sham defendant does not demonstrate fraudulent joinder.").

 Moreover, "in other cases in which defendants have argued that a supervisor's alleged conduct was not sufficiently outrageous to support an intentional infliction of emotional distress claim, district courts applying the fraudulent joinder standard have generally found a "non-fanciful" possibility of liability, even where a plaintiff's claim appeared 'relatively weak.'" *Barsell v. Urban Outfitters, Inc.*, No. CV 09-2604 MMM (RZx), 2009 WL 1916495, at *7 (C.D. Cal. July 1, 2009) (quoting *Asurmendi v. Tyco Elecs. Corp.*, No. C 08–5699 JF (PVT), 2009 WL 650386, at *5 (N.D. Cal. Mar. 11, 2009)). And Plaintiff could also cure the insufficiencies of his complaint through amendment—a possibility that has led many courts to remand similar cases. *See, e.g.*, *Burris v. AT&T Wireless, Inc.*, No. C 6-2904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-3800 PSG (RAOx) | Date | August 17, 2021 |
|---|---|---|---|
| Title | Mario Piril v. Ferguson Enterprises, LLC et al. | | |

Accordingly, although Plaintiff's IIED claim is weak as pleaded, it might be improved through amendment. There is thus a "non-fanciful possibility a state court would conclude" that Plaintiff's Complaint states a valid claim against Nelson. *Barsell*, 2009 WL 1916495, at *9. As a result, Nelson was not fraudulently joined.

IV.   <u>Defendants' Objection to Plaintiff's Reply</u>

On August 12, 2021, Defendants filed an objection to Plaintiff's Reply, urging the Court to disregard or strike portions of the Reply or to allow Defendants to file a sur-reply. *See Objection to Plaintiff's Reply*, Dkt. # 18 ("*Objection*"). Defendants claim that Plaintiff's Reply was improper because Plaintiff: (1) alleged new facts not in the Complaint, *id.* 3:6–25; (2) raised a "previously unasserted argument" by presenting facts to demonstrate that Plaintiff could further amend his pleadings to cure any deficiencies, *id.* 4:1–5:14; and (3) presented new case law, *id.* 5:15–7:5. The Court disagrees on all accounts.

First, Defendants' objection to Plaintiff's newly alleged facts is irrelevant because fraudulent joinder decisions are based on the allegations in the pleadings. *See Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998) ("[J]urisdiction must be analyzed on the basis of the *pleadings* filed at the time of removal." (emphasis added)).

Second, Plaintiff's "unasserted legal argument" that Plaintiff could amend his Complaint was merely a response to Defendants' own argument in their Opposition. *See Opp.* 23:21 n.4 (faulting Plaintiff for "not suggest[ing] he ha[d] any additional facts . . . that would satisfy the high pleading standard for an IIED claim, assuming he were given the chance to amend his Complaint"). In any event, Defendants' objection is baseless because it is the *availability of amendment*, rather than newly alleged facts themselves, that defeats a fraudulent joinder finding. *See Burris*, 2006 WL 2038040, at *2.

Third, Defendants synonymize "new authorities" and "new legal arguments" without citing any authority to support that inferential leap. *See Objection* 6:16–7:5. But again, Plaintiff's "new cases" respond only to Defendants' own arguments—that an IIED claim based on discrimination is barred under the WCA. *See Opp.* 10:24–14:23 (discussing one side of this issue exhaustively). If Defendants wished to preemptively distinguish unfavorable cases that were decided "*four or more years ago*," they were free to do so in their Opposition. *Objection* 6:7 (emphasis in original).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-3800 PSG (RAOx) | Date | August 17, 2021 |
|---|---|---|---|
| Title | Mario Piril v. Ferguson Enterprises, LLC et al. | | |

Accordingly, the Court **DENIES** Defendants' requests to disregard or strike portions of Plaintiff's Reply and to file a sur-reply.

V.      Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to remand, and the action is hereby **REMANDED** to state court. This order closes the case.

**IT IS SO ORDERED.**